IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| GARY WASHINGTON RUCKER,<br><br>Plaintiff,<br><br>v.<br><br>CHASE SWENSEN et al.,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL**<br><br>Case No. 1:15-cv-00054-DB-EJF<br><br>District Judge Dee Benson<br><br>Magistrate Judge Evelyn J. Furse |

On May 1, 2015, Plaintiff Gary W. Rucker filed a *pro se* civil rights complaint. (ECF No. 3.) Mr. Rucker now moves for appointed counsel. (ECF No. 8.)

Litigants do not have a constitutional right to counsel in civil cases. *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989) (citing *Bethea v. Crouse*, 417 F.2d 504, 505 (10th Cir. 1969)). However, the Court may in its discretion appoint counsel for indigent litigants. 28 U.S.C. § 1915(e)(1). "The burden is upon the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985).

When deciding whether to appoint counsel, the district court should consider a variety of factors, "including 'the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims.'" *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (quoting *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). Considering the above factors, the Court concludes here that, at this time, the factual and legal issues in this case are not overly complex, and Mr.

Rucker possesses the necessary physical and mental capability to pursue this matter. Thus, the Court denies for now Mr. Rucker's motion for appointment of counsel.

IT IS HEREBY ORDERED that Mr. Rucker's motion for appointment of counsel is DENIED; however, if, after the case develops further, it appears that Mr. Rucker may need counsel for specific help, the Court will ask an attorney to appear pro bono on Mr. Rucker's behalf.

DATED this 21st day of January, 2016.

BY THE COURT:

_____
EVELYN J. FURSE
United States MagistrateJudge