UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
NORTHERN DIVISION

| | |
|---|---|
| GARY WASHINGTON RUCKER,<br><br>　　Plaintiff,<br><br>v.<br><br>CHASE SWENSEN and KAI SAFSTEN,<br><br>　　Defendants. | **REPORT AND RECOMMENDATION TO DENY IN PART DEFENDANTS' MOTION TO DISMISS WITH PREJUDICE, OR IN THE ALTERNATIVE TO COMPEL ANSWERS TO DISCOVERY AND MODIFY SCHEDULING ORDER (DOC. NO. 60)**<br><br>Case No. 1:15-cv-00054-JNP-DAO<br><br>Judge Jill N. Parrish<br><br>Magistrate Judge Daphne A. Oberg |

Before the court is Defendants Chase Swensen and Kai Safsten's Motion to Dismiss with Prejudice, or in the Alternative to Compel Answers to Discovery and Modify Scheduling Order ("Mot.," Doc. No. 60). The court heard oral argument on this motion on February 22, 2021. (Doc. No. 67.) Relevant to this order, Defendants seek to dismiss Plaintiff Gary Rucker's Complaint (Doc. No. 3) with prejudice for failure to prosecute.[1] For the reasons set for below, the undersigned[2] RECOMMENDS the district judge deny the motion, in part, to the extent it seeks dismissal.

---

[1] The undersigned addresses Defendants' alternative relief sought, a motion to compel, in a separate order.

[2] On December 2, 2015, the district judge referred this case to Magistrate Judge Furse under 28 U.S.C. § 636(b)(1)(B). (Doc. No. 13.) On May 15, 2020, this case was reassigned to the undersigned magistrate judge. (Doc. No. 50.)

1

## BACKGROUND

Proceeding pro se, Mr. Rucker brought this action pursuant to 42 U.S.C. § 1983 against Chase Swensen, Kai Safsten, and the Ogden City Policy Department.[3] (Compl., Doc. No. 3.) Mr. Rucker alleges Officers Swensen and Safsten violated his constitutional rights by unlawfully stopping and arresting him, using excessive force, and subjecting him to cruel and unusual punishment. (*See generally id.*) Defendants filed a motion to dismiss the Ogden Police Department, (Doc. No. 25). While Mr. Rucker did not file an opposition, he appeared and participated in the hearing. (*See* Minute Entry, Doc. No. 34; Order Acknowledging Notice of Dismissal of Ogden City Police Dept., Den. Mot. for a More Definite Statement, and Setting a Schedule, Doc. No. 35.) There is no dispute Mr. Rucker has been incarcerated during most of this litigation. (Mot. 3, Doc. No. 60.) Defendants acknowledge Mr. Rucker's incarceration, as well as the current coronavirus pandemic, have complicated and delayed this case. (Mot. 3–4, Doc. No. 60.)

## LEGAL STANDARD

Rule 41(b) of the Federal Rule of Civil Procedure permits a defendant to move for dismissal "[i]f the plaintiff fails to prosecute or comply with these rules or a court order." Fed. R. Civ. P. 41(b). To dismiss an action under Rule 41(b), the court must find "certain enumerated criteria support a dismissal." *Olsen v. Mapes*, 333 F.3d 1199, 1204 (10th Cir. 2003). Factors considered include: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for

---

[3] The Ogden Police Department is no longer a party to this action. (*See* Order Acknowledging Notice of Dismissal of Ogden City Police Dept., Den. Mot. for a More Definite Statement, and Setting a Schedule, Doc. No. 35.)

noncompliance; and (5) the efficacy of lesser sanctions." *Id.* (internal quotation marks omitted). Dismissal is "a harsh sanction" which should only be used "in extreme cases." *Meeker v. Rizley*, 324 F.2d 269, 272 (10th Cir. 1963); *Raiser v. Brigham Young Univ.*, No. 2:02-cv-975, 2007 U.S. Dist. LEXIS 29873, at *11 (D. Utah Apr. 23, 2007) (unpublished) ("[D]ismissing a case with prejudice for failure to prosecute is an extreme remedy.")

## ANALYSIS

Defendants argue Mr. Rucker's Complaint should be dismissed with prejudice pursuant to Rule 41(b) for failure to prosecute and for failure to follow the rules governing this case. (Mot. 1, Doc. No. 60.) In particular, Defendants allege Mr. Rucker failed to update the court and opposing counsel with his new address, failed to respond to discovery requests, and seemed generally unresponsive to Defendants' counsel's efforts to reach him to proceed with discovery. (Mot. 2, Doc. No. 60.)

This is not enough to warrant dismissal. Defendants do not allege Mr. Rucker failed to appear or comply with a court order. As Mr. Rucker explained during the hearing, other than a short period in the halfway house, he has been incarcerated during the pendency of the litigation. (*See also id.* at 3.) Notably, while Mr. Rucker did not file an opposition to the Motion to Dismiss,[4] he did appear for the hearing and defend his case. Any prejudice to Defendants or interference with the judicial process is minimal, as the court granted various requests by Defendants to extend deadlines, and this is Defendants' first motion to compel. Further, before Defendants filed their motion, the court had not warned Mr. Rucker dismissal would be a likely sanction for noncompliance with discovery requests. The criteria considered under Rule 41(b)

---

[4] Mr. Rucker did recently file a response addressing the court's prior Order Granting in Part and Denying in Part Defendants' Motion to Modify the Scheduling Order (Doc. No. 57). (*See* Doc. No. 64.)

simply do not weigh in favor of the extreme remedy of dismissal.  Accordingly, the undersigned RECOMMENDS the district judge deny Defendants' motion, insofar as it seeks dismissal.

## RECOMMENDATION

For the reasons set forth above, the undersigned RECOMMENDS the district judge DENY Defendants' motion (Doc. No. 60) to the extent it seeks dismissal of Mr. Rucker's Complaint.

The court will send copies of this Report and Recommendation to the parties, who are notified of their right to object to the same.  The parties must file any objection to this Report and Recommendation with the court clerk, pursuant to 28 U.S.C. § 636(b) and Rule 72(b) of the Federal Rules of Civil Procedure, within fourteen (14) days of receiving it.  Failure to do so may constitute waiver of objections upon subsequent review.  The clerk is instructed to mail a copy of this Report and Recommendation to Mr. Rucker at:

Gary Washington Rucker
Inmate Offender Number 54095
Utah State Prison
14425 S. Bitterbrush Lane
P.O. Box 250
Draper, UT 84020

DATED this 3rd day of March, 2021.

BY THE COURT:

*Daphne A. Oberg*
Daphne A. Oberg
United States Magistrate Judge