FILED
2021 MAR 3 PM 2:02
CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
NORTHERN DIVISION

| | |
|---|---|
| GARY WASHINGTON RUCKER,<br><br>     Plaintiff,<br><br>v.<br><br>CHASE SWENSEN and KAI SAFSTEN,<br><br>    Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART DEFENDANTS' MOTION TO DISMISS WITH PREJUDICE, OR IN THE ALTERNATIVE TO COMPEL ANSWERS TO DISCOVERY AND MODIFY SCHEDULING ORDER (DOC. NO. 60)**<br><br>Case No. 1:15-cv-00054-JNP-DAO<br><br>Judge Jill N. Parrish<br><br>Magistrate Judge Daphne A. Oberg |

Before the court is Defendants Chase Swensen and Kai Safsten's Motion to Dismiss with Prejudice, or in the Alternative to Compel Answers to Discovery and Modify Scheduling Order ("Mot.," Doc. No. 60). Relevant to this order, Defendants seek to compel Mr. Rucker to respond to discovery requests and seek to modify the scheduling order.[1] The court heard oral argument on this motion on February 22, 2021. (Doc. No. 67.) For the reasons set for below, the motion is GRANTED IN PART to the extent is seeks an order to compel and a modification of the scheduling order.

---

[1] The court addresses Defendants' alternative relief sought, a motion to dismiss, in a separate Report and Recommendation.

## I.      BACKGROUND

Proceeding pro se, Mr. Rucker brought this action pursuant to 42 U.S.C. § 1983 against

Chase Swensen, Kai Safsten, and the Ogden City Policy Department.[2]  (Compl., Doc. No. 3.)

Mr. Rucker alleges Officers Swensen and Safsten violated his constitutional rights by unlawfully

stopping and arresting him, using excessive force, and subjecting him to cruel and unusual

punishment.  (*See generally id.*)  There is no dispute Mr. Rucker has been incarcerated during

most of this litigation.  (Mot. 3, Doc. No. 60.)  Defendants acknowledge Mr. Rucker's

incarceration, as well as the current coronavirus pandemic, have complicated and delayed this

case.  (*Id.* at 3–4.)

## II.     MOTION TO COMPEL

Defendants seek an order compelling Mr. Rucker to respond to Defendants' outstanding

interrogatories and requests for production of documents.  (Mot. 1–2, Doc. No. 60.)

Rule 37 of the Federal Rules of Civil Procedure permits a party to move for an order

compelling a discovery response where "a party fails to answer an interrogatory" or "fails to

produce documents."  Fed. R. Civ. P. 37(a)(3)(B)(iii), (iv).  A motion to compel "must be

include a certification that the movant has in good faith . . . attempted to confer" with the

unresponsive party "in an effort to obtain it without court action."  Fed. R. Civ. P. 37(a)(1).

Defendants propounded discovery requests on May 15, 2020.  (Mot. 3, Doc. No. 60.)

Mr. Rucker's responses were due on or about June 12, 2020.  (*Id.*)  At the hearing, Defendants

asserted Mr. Rucker did not respond to any discovery requests.  Mr. Rucker did not dispute this

assertion.  Defendants satisfied their obligation to attempt to confer with Mr. Rucker before

---

[2] The Ogden Police Department is no longer a party to this action.  (*See* Order Acknowledging
Notice of Dismissal of Ogden City Police Dept., Den. Mot. for a More Definite Statement, and
Setting a Schedule, Doc. No. 35.)

filing this motion by having their counsel call Mr. Rucker and leave messages, mail Mr. Rucker

a letter and, finally, travel to the prison.  (*Id.* at 4; *see also* Order Granting in Part and Den. in

Part Defs.' Mot. to Modify Scheduling Order, Doc. No. 57 (granting Defendants' request for

leave to meet and confer by written correspondence).)

Mr. Rucker's responses are past due.  Accordingly, the court ORDERS Mr. Rucker to

respond to Defendants' outstanding discovery requests, a copy of which is attached to

Defendants' motion as Exhibit A (Doc. No. 60-1) by **March 24, 2021**.  Mr. Rucker should not

file the responses with the court; he is instructed to send them directly to Defendants' counsel.

### III.    MR. RUCKER'S ADDRESS

At the hearing, the Defendants expressed concern about difficulty reaching Mr. Rucker,

because they were not apprised of Mr. Rucker's recent move to a halfway house and then back to

the Utah State Prison

Upon consultation with the prison, it is confirmed that all mail should be sent to Mr.

Rucker at:

Gary Washington Rucker
Inmate Offender Number 54095
Utah State Prison
14425 S. Bitterbrush Lane
P.O. Box 250
Draper, UT 84020

The clerk of the court is to update the docket, so it reflects Mr. Rucker's above address.  The

court instructed Mr. Rucker that if his address changes, he must timely notify the court of his

new address.

### IV.    ATTORNEY FEES

Defendants seek an award of attorney fees.  (Mot. 3, Doc. No. 60.)  When granting a

motion to compel, a court must require the party who fails to respond to discovery to pay the

moving party's reasonable expenses and attorney fees. Fed. R. Civ. P. 37(a)(5)(A). However, the court "must not order this payment if . . . other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(iii). Considered together, the facts that Mr. Rucker is incarcerated, the mail delivery at the prison appears at least somewhat delayed, and Mr. Rucker is proceeding *in forma pauperis* (Order, Doc. No. 2) make an award of expenses unjust. The request for attorney fees in DENIED.

## V.   AMENDMENT TO SCHEDULING ORDER

Defendants seek an amendment of the scheduling order, specifically to extend discovery for a period of ninety days after Mr. Rucker responds to the outstanding discovery request. (Mot. 5, Doc. No. 60.) Defendants contend an extension is necessary because they need to conduct follow up fact discovery based on Mr. Rucker's responses, for example, by subpoenaing records. (*Id.*) There is good cause to extend the discovery deadlines, and Defendants' request for an amendment to the scheduling order is GRANTED. The deadlines are amended as stated below. Any deadline not listed remains unchanged from the Amended Scheduling Order (Doc. No. 55).

- Fact Discovery – May 24, 2021

- Plaintiff's Expert Witness Disclosure and Report Deadline, if he chooses to use an expert witness – May 24, 2021

- Defendants' Expert Witness Disclosure and Report Deadline, if they choose to use an expert witness – June 24, 2021

## VI.   CONCLUSION

As described more fully above, the court ORDERS:

1. Defendants' Motion to Compel is GRANTED and Mr. Rucker must respond to Defendants' outstanding discovery requests by March 24, 2021;

2. Defendants' Motion for Attorney Fees is DENIED;

3.   Defendants' Motion for an Amended Scheduling Order is GRANTED and the deadlines are amended as stated above.

DATED this 3rd day of March, 2021.

BY THE COURT:

Daphne A. Oberg
United States Magistrate Judge