UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
NORTHERN DIVISION

| | |
|---|---|
| GARY WASHINGTON RUCKER,<br><br>Plaintiff,<br><br>v.<br><br>CHASE SWENSEN and KAI SAFSTEN,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SANCTIONS FOR PLAINTIFF'S FAILURE TO COMPLY WITH COURT'S ORDER COMPELLING ANSWERS TO WRITTEN DISCOVERY (DOC. NO. 70)**<br><br>Case No. 1:15-cv-00054-JNP-DAO<br><br>Judge Jill N. Parrish<br><br>Magistrate Judge Daphne A. Oberg |

Before the court is Defendants Chase Swensen and Kai Safsten's Motion for Sanctions for Plaintiff's Failure to Comply with Court's Order Compelling Answers to Written Discovery ("Mot.," Doc. No. 70). For the reasons set for below,[1] the court GRANTS in part and DENIES in part the motion.

## BACKGROUND

Proceeding pro se, Mr. Rucker brought this action pursuant to 42 U.S.C. § 1983 against Chase Swensen, Kai Safsten, and the Ogden City Policy Department.[2] (Compl., Doc. No. 3.) Mr. Rucker alleges Officers Swensen and Safsten violated his constitutional rights by unlawfully stopping and arresting him, using excessive force, and subjecting him to cruel and unusual

---

[1] Pursuant to Local Rule DUCivR 7-1(f), the motion is decided on the basis of the written memoranda, as oral argument unnecessary.

[2] The Ogden Police Department is no longer a party to this action. (*See* Corrected Order, Doc. No. 36.)

1

punishment.  (*See generally id.*)

The defendants previously filed a motion to dismiss for failure to prosecute.  In that motion, the defendants argued, in part, that the complaint should be dismissed because Mr. Rucker failed to prosecute by failing to respond to written discovery and failing to keep the court apprised of his address.  (Mot. to Dismiss with Prejudice, or in the Alt. to Compel Answers to Disc. and Modify Sched. Order ("Mot. to Dismiss") 2, Doc. No. 60.)  The court denied the motion to dismiss because the defendants did not establish Mr. Rucker's noncompliance rose to the level required to find failure to prosecute.  (R & R, Doc. No. 68; Order Adopting R & R, Doc. No. 72.)  In the order, the court recognized that except for a short period where he was released to a halfway house, Mr. Rucker has been incarcerated during the pendency of the litigation.  (R & R 3, Doc. No. 68.)  The court did, however, grant the defendants' alternative request for an amended scheduling order and an order compelling Mr. Rucker to respond to the outstanding discovery requests.  (Mem. Dec. and Order Granting Defs.' Mot., ("Order to Compel"), Doc. No. 69.)  Specifically, the court ordered Mr. Rucker to respond to the defendants' outstanding discovery requests by March 24, 2021.  (*Id.* at 4.)

The current motion for sanctions arises out of Mr. Rucker's alleged failure to comply with the court's March 2021 order to compel.  The defendants assert Mr. Rucker contacted defense counsel on March 18, 2021, claiming he had lost the discovery requests.  (Mot. 3, Doc. No. 70.)  That same day, defense counsel re-sent Mr. Rucker the discovery requests and a template for his responses.  (*Id.*)  On March 24, 2021, the court-imposed deadline for the discovery responses, defense counsel received a call which appeared to be from Mr. Rucker.  But the call disconnected because Mr. Rucker lacked sufficient funds in his prison phone account.  (*Id.* at 4.)  On May 6, 2021, the defendants filed the current motion for sanctions, seeking

dismissal of the case as a sanction under Rule 37(b)(2)(A) of the Federal Rules of Civil Procedure because Mr. Rucker failed to respond to the outstanding discovery requests. (*Id.*)

On July 2, 2021, the defendants supplemented their motion to inform the court that Mr. Rucker had produced a partial response to the requests for written discovery. (Supp. to Defs.' Mot. for Sanctions for Pl.'s Failure to Comply with Court's Order Compelling Answers to Written Disc. ("Supp.") 1, Doc. No. 75.) However, the defendants continue to assert their motion seeking dismissal as a sanction because Mr. Rucker's responses were late by approximately ninety days. (*Id.* at 2.) Further, the defendants argue they are limited in how they can use the information Mr. Rucker provided because he sent his responses after the discovery period expired. (*Id.*) Lastly, the defendants contend the responses are incomplete and inadequate. (*Id.*)

## LEGAL STANDARD

The defendants seek dismissal as a sanction under Rule 37(b)(2)(A). This rule permits a court to "issue further just orders" when a party "fails to obey an order to provide . . . discovery." Fed. R. Civ. P. 37(b)(2)(A). This includes an order dismissing the action. *Id.* at 37(b)(2)(A)(v). Courts enjoy "broad inherent power to sanction misconduct and abuse of the judicial process." *Klein v. Harper*, 777 F.3d 1144, 1147 (10th Cir. 2015). However, dismissal is "an extreme sanction appropriate only in cases of willful misconduct." *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992).

To determine whether dismissal is appropriate, the court applies the five factors enumerated in *Ehrenhaus*:

(1) the degree of actual prejudice to the non-offending party,

(2) the degree of interference with the judicial process,

(3) the culpability of the offending party,

(4) whether the court warned the party in advance that default judgment would be a likely sanction for noncompliance, and

(5) the efficacy of lesser sanctions

See id.; *Celtig, LLC v. Patey*, No. 2:17-cv-01086, 2021 U.S. Dist. LEXIS 16429, at *5 (D. Utah Jan. 27, 2021) (unpublished). These factors do not establish a rigid test, nor are they exhaustive or entitled to equal weight. *Chavez v. City of Albuquerque*, 402 F.3d 1039, 1044 (10th Cir. 2005). They are simply factors the court must consider. *Id.* Because dismissal is "a harsh sanction," *id.*, "[o]nly when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits is dismissal an appropriate sanction." *Ehrenhaus*, 965 F.2d at 921 (internal quotation marks omitted).

## ANALYSIS

The defendants seek dismissal because Mr. Rucker's responses were late and allegedly inadequate. (Supp. 2, Doc. No. 75.) However, other than their assertion of prejudice, the defendants do not argue how Mr. Rucker's conduct warrants dismissal under the *Ehrenhaus* factors. And under these factors, Mr. Rucker's conduct does not yet warrant the extreme sanction of dismissal.

### I. *Ehrenhaus* Factors

Under the first *Ehrenhaus* factor, any prejudice to the defendants can be alleviated through lesser sanctions. The defendants claim two types of prejudice. First, they claim that because they received the discovery responses after the close of discovery, they are "now unable to do anything with the limited information Mr. Rucker provided." (*Id.*) But the defendants fail to indicate what they are prevented from doing. The defendants further allege some

interrogatory responses are deficient and that Mr. Rucker did not produce documents, claiming he will do so after he is released from prison. (*Id.* at 2–3.)

This claimed prejudice can be mitigated by lesser sanctions. As of March 24, 2021, the court-imposed deadline for Mr. Rucker to respond to the outstanding discovery, a majority of the deadlines in the scheduling order had long passed. (Am. Sched. Order, Doc. No. 55.) For instance, the last day to serve written discovery, November 11, 2020, had passed before the defendants brought their motion to compel. Further, the defendants deposed Mr. Rucker more than a year before filing this motion to compel. (*See* Mot. to Amend Sched. Order 2, Doc. No. 43 (noting the defendants took Mr. Rucker's deposition on September 18, 2019).) When the court ordered Mr. Rucker to respond to the outstanding discovery requests, it amended the scheduling order, but only as to a few, limited deadlines, such as the fact discovery and expert witness disclosure deadlines. (Order to Compel 4, Doc. No. 69.)

Looking at this case background, it is unclear how the defendants have been prevented from using the information they received in the late-filed discovery. For example, they could not have served additional written discovery either way. And they offer no evidence to establish they could have continued Mr. Rucker's deposition. Accordingly, any limited prejudice can be alleviated by extending deadlines for the defendants only.

Turning next to the fifth *Ehrenhaus* factor, lesser sanctions can also mitigate the effect of incomplete discovery responses. The defendants allege two areas of deficiency: document production and interrogatory responses. Regarding the document production, the defendants make no attempt to establish the documents were in Mr. Rucker's "possession, custody, or control" since the court issued the order, such that Mr. Rucker is in violation of the rules. Fed. R. Civ. P. 34(a)(1). The burden is on the requesting party to establish the opposing party has

control, possession, or the ability to obtain the documents. *Ice Corp. v. Hamilton Sundstrand Corp.*, 245 F.R.D. 513, 516 (D. Kan. 2007).

Here, the defendants claim Mr. Rucker had the document requests for a period of time while he was not incarcerated. (Supp. 2, Doc. No. 75.) However, at the prior hearing on the defendants' motion to dismiss, Mr. Rucker indicated he was incarcerated for the entirety of the case, except for a short time where he was released to a halfway house. There are no facts before the court establishing whether Mr. Rucker had the ability to retrieve documents while at the halfway house. Further, there is no indication Mr. Rucker was in possession, custody, or control of the documents after the court's order but before the deadline to respond, such that he was in violation of the order. As to the specific documents requested, the defendants have not established Mr. Rucker is in violation of the court's order to respond to the outstanding discovery, except as to filing his response past the deadline. In other words, the defendants have not established how Mr. Rucker's production (or lack of) violates the court's order.

As to the interrogatories, the defendants claim Mr. Rucker's responses are inadequate because he failed to provide information about his alleged injuries or healthcare providers, other than a reference to his insurance company. (*Id.* at 2–3.) While any dispute about the adequacy of the interrogatory responses is not currently before the court, Mr. Rucker did not file an opposition to defendants' motion. Accordingly, he has not disputed the defendants' contention. Information regarding Mr. Rucker's injuries and healthcare providers is likely material to the case and relevant to any defense. Mr. Rucker's alleged failure to respond to the interrogatories would prejudice the defendants. However, a lesser sanction can alleviate this prejudice. Permitting the defendants to continue Mr. Rucker's deposition to address these topics would allow the defendants to obtain the necessary information. *Cf. Brown v. Gray*, No. 06-3003, 2010

U.S. Dist. LEXIS 5298, at *11–12 (D. Kan. Jan. 22, 2010) (denying defendants request to dismiss case as a violation of a motion to compel, but permitting the defendants to depose the plaintiff to clarify his discovery responses). Where any prejudice to the defendants can be mitigated with a lesser sanction, the first and last *Ehrenhaus* factors weigh against dismissal.

The second *Ehrenhaus* factor, the amount of interference with the judicial process, also weighs against dismissal. "Greater degrees of obstruction help justify a dismissal sanction." *King v. Fleming*, 899 F.3d 1140, 1151 (10th Cir. 2018). Notably, a party "interferes with the judicial process when it fails to abide by discovery orders." *Burgi v. Awolf Fitness*, No. 2:19-cv-00151, 2021 U.S. Dist. LEXIS 35993, at *11 (D. Utah Feb. 25, 2021) (internal quotation marks omitted) (unpublished); *see also Celtig v. Patey*, No. 2:17-cv-01086, 2019 U.S. Dist. LEXIS 164558, at *17 (D. Utah Aug. 19, 2019) (unpublished) (noting that if the defendants had complied with discovery, the case "would be nearing resolution on the merits rather than in motion practice regarding contempt and terminating sanctions"); *Taylor v. D.Colo. Safeway, Inc.*, 116 F. App'x 976, 978 (10th Cir. 2004) (unpublished) (finding that "[t]he judicial process essentially grounded to a halt" due to the plaintiff's refusal "to respond to either the defendant's requests or the district court's orders").

Mr. Rucker's delayed responses have had little effect on the progress of the case. Although this case has been pending for a significant amount of time, Mr. Rucker has been incarcerated during most of this litigation. (Mot. to Dismiss 3, Doc. No. 60.) As the defendants acknowledge, both Mr. Rucker's incarceration and the coronavirus pandemic have complicated and delayed this case. (*Id.* at 3–4.) For example, Mr. Rucker had no computer, phone, or email access. (Mot. to Amend Sched. Order 2, Doc. No. 43.) Further, and more importantly, the defendants requested seven (and received six) extensions of deadlines in the scheduling order

before filing a single motion to compel.  (*See* Order Granting in Part and Den. in Part Defs.' Mot. to Modify Sched. Order 1, Doc. No. 57.)  The defendants asserted these extensions were to accommodate Mr. Rucker.  (*See, e.g.*, Mot. to Dismiss 2–3, Doc. No. 60.)  While this may be true, this procedural history must be considered when determining to what degree Mr. Rucker's actions have interfered with the judicial process.  There is no doubt Mr. Rucker's actions have caused some interference.  The untimeliness and incompleteness of his answers requires amendment of the scheduling order.  This, in and of itself, constitutes interference.  However, when viewed in the context of the case as a whole, this interference does not rise to a level warranting dismissal.

The third *Ehrenhaus* factor, culpability of the litigant, carries no weight.  Culpability exists where the litigant "acted with willfulness, bad faith, and fault" and made calculated decisions for strategic use in litigation.  *Xyngular v. Schenkel*, 890 F.3d 868, 874 (10th Cir. 2018).  It cannot be based on inability to comply.  *Archibeque v. Atchison, Topeka & Santa Fe Ry. Co.*, 70 F.3d 1172, 1174 (10th Cir. 1995).  Here, there is some evidence to suggest Mr. Rucker's delay and incomplete responses could be due to an inability to comply.  As noted, Mr. Rucker lacked the ability to reliably communicate while incarcerated.  And Mr. Rucker ultimately did respond to the discovery requests, albeit approximately three months past the deadline.  However, Mr. Rucker did not provide evidence definitively showing he was unable to respond in a timely and complete manner.  Because of this, the third factor is neutral.

The fourth *Ehrenhaus* factor—whether the court warned Mr. Rucker of the potential for dismissal—weights in favor of dismissal.  At the hearing on the defendants' motion to dismiss, the court warned Mr. Rucker on the record that noncompliance with an order compelling

discovery responses could result in dismissal. Where Mr. Rucker was adequately warned, this factor weighs in favor of dismissal.

Overall, the aggravating factors do not outweigh the "the judicial system's strong predisposition to resolve cases on their merits." *See Ehrenhaus*, 965 F.2d at 921. The "harsh sanction" of dismissal is not appropriate in this case. *See Chavez*, 402 F.3d at 1044. The defendants' motion is DENIED to the extent it seeks dismissal as a sanction.

II. <u>Sanction</u>

Although dismissal is not warranted by the existing record, Mr. Rucker's delayed and incomplete responses do warrant a sanction. Determining an appropriate sanction for a discovery violation is "a fact-specific inquiry." *Ehrenhaus*, 965 F.2d at 920. The sanction "must be both just and related to the particular claim which was at issue in the order to provide discovery." *Id.* at 921 (internal quotation marks omitted). Amending the scheduling order to restore the time between the responses and the remaining deadlines for the defendants only—and permitting the defendants to depose Mr. Rucker again mitigates any harm to the defendants. In order to restore time to the defendants, the deadlines are amended as follows.

- Fact discovery for the defendants only: September 29, 2021
- Expert witness disclosure and report deadline for the defendants only: October 29, 2021
- Deadline for filing dispositive or potentially dispositive motions for both parties: November 29, 2021

The defendants are permitted to depose Mr. Rucker again. The deposition must occur within thirty days of this order and is limited in scope to the interrogatory responses the defendants contend are inadequate. The deposition is limited to two hours.

Mr. Rucker is again reminded of his obligation to respond to discovery requests in a timely and complete way, and he is cautioned to comply with all court orders. Mr. Rucker should not expect further latitude.

## CONCLUSION

The defendants' motion is GRANTED to the extent is seeks a sanction, but is DENIED to the extent it seeks dismissal. As described more fully above, the court ORDERS:

1. The defendants' motion is GRANTED in part and DENIED in part;
2. The scheduling order is amended as set forth above;
3. The defendants may depose Mr. Rucker within thirty days of the date of this order.

DATED this 29th day of July, 2021.

BY THE COURT:

Daphne A. Oberg
United States Magistrate Judge