UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
NORTHERN DIVISION

| | |
|---|---|
| GARY WASHINGTON RUCKER,<br><br>    Plaintiff,<br><br>v.<br><br>CHASE SWENSEN and KAI SAFSTEN,<br><br>    Defendants. | **REPORT AND RECOMMENDATION TO GRANT IN PART DEFENDANTS' DISPOSITIVE MOTION (DOC. NO. 80) AND TO DISMISS ACTION**<br><br>Case No. 1:15-cv-00054<br><br>Judge Jill N. Parrish<br><br>Magistrate Judge Daphne A. Oberg |

In this action, pro se plaintiff Gary Washington Rucker brings claims under 42 U.S.C. § 1983 against police officers Chase Swensen and Kai Safsten, alleging they violated his constitutional rights by unlawfully stopping and arresting him, using excessive force, and subjecting him to cruel and unusual punishment. (*See generally* Compl., Doc. No. 3.)

Now before the court is a dispositive motion filed by the defendants, captioned as a motion for summary judgment, ("Mot.," Doc. No. 80). The defendants seek summary judgment or dismissal on three grounds. First, they argue they are entitled to summary judgment based on qualified immunity. (*Id.* at 2, 6–16.) Second, they argue Mr. Rucker's claims should be dismissed for failure to prosecute, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. (*Id.* at 2, 16–18.) Third, they argue Mr. Rucker's claims should be dismissed as a sanction for his refusal to respond to discovery requests and to comply with court orders. (*Id.* at 2, 18–24.) The opposition deadline has passed, and Mr. Rucker has not filed an opposition.

On February 7, 2022, the court ordered Mr. Rucker to show cause why this case should not be dismissed for failure to prosecute and failure to comply with the court's orders. (Order to

Show Cause, Doc. No. 83.)  The court ordered Mr. Rucker to respond by February 25, 2022. (*Id.*)  Mr. Rucker has not filed a response.

The undersigned[1] RECOMMENDS the district judge GRANT the defendants' motion in part—to the extent it seeks dismissal for failure to prosecute and failure to comply with the court's orders—and DISMISS this action.[2]

## PROCEDURAL HISTORY

Mr. Rucker filed this action on April 6, 2015, asserting claims against the officer defendants and the Ogden City Police Department.  (Compl., Doc. No. 3.)  Mr. Rucker was incarcerated when he filed this case, and he was granted leave to proceed *in forma pauperis*.  (*See id.*; Order, Doc. No. 2.)  In January 2016, the court ordered service of process by the United States Marshals Service.  (Order for Service, Doc. No. 15.)  Service was not completed until two years later, in February 2018.  (*See* Summons Returned Executed, Doc. No. 23; Waivers of Service, Doc. Nos. 21 & 22.)  The Ogden City Police Department filed a motion to dismiss, and it was dismissed from the case in November 2018.  (*See* Corrected Order, Doc. No. 36.)  The officer defendants filed an answer in December 2018.  (Answer, Doc. No. 37.)

In January 2019, a scheduling order was entered setting July 15, 2019 as the close of fact discovery.  (Scheduling Order, Doc. No. 39.)  This deadline was extended by ninety days at the officer defendants' request, due to difficulties in arranging a deposition of Mr. Rucker at the prison.  (*See* Mot. to Modify Scheduling Order, Doc. No. 40; Am. Scheduling Order, Doc. No.

---

[1] On June 26, 2018, the district judge referred this case to Magistrate Judge Furse under 28 U.S.C. § 636(b)(1)(B).  (Doc. No. 10.)  On May 15, 2020, this case was reassigned to the undersigned magistrate judge.  (Doc. No. 99.)

[2] Pursuant to Local Rule DUCivR 7-1(g), the motion is decided on the basis of the written memoranda, as oral argument unnecessary.

41.)  The defendants deposed Mr. Rucker in September 2019.  (*See* Mot. to Modify Scheduling Order, Doc. No. 43.)  Citing difficulties in communicating with Mr. Rucker regarding other discovery issues, the defendants then requested and received five more extensions of the fact discovery deadline, until December 29, 2020.  (*See* Am. Scheduling Order, Doc. No. 55; *see also* Mots. to Modify Scheduling Order, Doc. Nos. 43, 45, 47, 51, & 54.)  On December 3, 2020, the court denied a seventh request to extend fact discovery and ordered the parties to file any motions regarding discovery disputes by the December 29 fact discovery deadline.  (Order Granting in Part and Den. in Part Defs.' Mot. to Modify Scheduling Order, Doc. No. 57.)

On the December 29 deadline, the defendants moved to dismiss the case for failure to prosecute, or, in the alternative, to compel Mr. Rucker to respond to their discovery requests.  (Mot. to Dismiss with Prejudice, or in the Alternative to Compel Answers to Disc. and Modify Scheduling Order, Doc. No. 60.)  The defendants argued Mr. Rucker failed to prosecute by failing to respond to written discovery and failing to keep the court apprised of his address.  (*Id.* at 2.)  The court held a hearing, and Mr. Rucker appeared by video from the prison.  (*See* Minute Entry (Feb. 22, 2021), Doc. No. 67.)  The court denied the motion to dismiss because the defendants did not establish Mr. Rucker's noncompliance rose to the level required to find failure to prosecute.  (R. & R., Doc. No. 68; Order Adopting R. & R., Doc. No. 72.)  The court recognized Mr. Rucker had been incarcerated during the pendency of the litigation, except for a short period where he was released to a community correctional center.  (R. & R. 3, Doc. No. 68.)  The court did, however, grant the defendants' alternative request for an amended scheduling order and an order compelling Mr. Rucker to respond to the outstanding discovery requests.  (Mem. Dec. and Order Granting Defs.' Mot. to Compel, ("Order to Compel"), Doc. No. 69.)  The court ordered Mr. Rucker to respond to the defendants' outstanding discovery

3

requests by March 24, 2021. (*Id.* at 4.) Mr. Rucker was notified of this deadline during the hearing and in a subsequent written order. (*See* Minute Entry (Feb. 22, 2021), Doc. No. 67; Order to Compel 3, Doc. No. 69.) The court also confirmed Mr. Rucker's address during the hearing and instructed him that "if his address changes, he must timely notify the court of his new address." (Order to Compel 3, Doc. No. 69.)

In May 2021, the defendants moved to dismiss the case as a sanction under Rule 37, alleging Mr. Rucker did not respond to their discovery requests as ordered. (Mot. for Sanctions for Pl.'s Failure to Comply with Court's Order Compelling Answers to Written Disc., Doc. No. 70.) On July 2, 2021, the defendants supplemented their motion to inform the court that Mr. Rucker had produced a partial response to their written discovery requests. (Supp. to Defs.' Mot. for Sanctions for Pl.'s Failure to Comply with Court's Order Compelling Answers to Written Disc., Doc. No. 75.) However, they maintained their request for dismissal, asserting Mr. Rucker's responses were approximately ninety days late and incomplete. (*Id.*)

The court denied the defendants' request for dismissal, finding Mr. Rucker's conduct did "not yet warrant the extreme sanction of dismissal." (Mem. Decision and Order Granting in Part and Den. in Part Defs.' Mot. for Sanctions 4, Doc. No. 76.) But the court found lesser sanctions warranted based on Mr. Rucker's delayed and incomplete responses. (*Id.* at 9.) The court extended the fact discovery deadline for the defendants only, and permitted the defendants to depose Mr. Rucker for an additional two hours regarding the interrogatory responses they contended were inadequate. (*Id.*) The court also noted it had previously warned Mr. Rucker, during the hearing on the defendants' motion to dismiss, that "noncompliance with an order compelling discovery responses could result in dismissal." (*Id.* at 8–9.) The order concluded: "Mr. Rucker is again reminded of his obligation to respond to discovery requests in a timely and

4

complete way, and he is cautioned to comply with all court orders. Mr. Rucker should not expect further latitude." (*Id.* at 10.)

On December 13, 2021, the defendants filed the dispositive motion now before the court. (Mot., Doc. No. 80.) According to the defendants, Mr. Rucker was paroled from prison at some point in the summer of 2021, but he failed to notify the court or the defendants of his updated address. (*Id.* at 6.) The defendants scheduled Mr. Rucker's deposition for August 27, 2021, and mailed the notice to Mr. Rucker's prison address and the address of a community correctional center in Ogden, Utah. (*Id.*) However, Mr. Rucker failed to appear or respond to the notice. (*Id.*) The defendants' counsel also sent a letter to Mr. Rucker at the same two addresses on or around November 1, 2021, but Mr. Rucker failed to respond. (*Id.*) Mr. Rucker has not responded to the defendants' dispositive motion, although the deadline has passed, nor has he filed a notice of change of address.

On February 7, 2022, the court ordered Mr. Rucker to show cause why this case should not be dismissed for failure to prosecute and failure to follow the court's orders. (Order to Show Cause, Doc. No. 83.) The court ordered Mr. Rucker to file a response by February 25, 2022 and warned him that if he failed to do so, his case could be dismissed with prejudice. (*Id.*) The court mailed the order to both Mr. Rucker's prison address on file with the court and to the community correctional center address provided in the defendants' motion.[3] (*See id.*; *see also* Docket Text

---

[3] On February 14, the clerk's office entered a note on the docket indicating the mail to the prison was returned undelivered. The note states: "Called the prison to clarify. Prison informed plaintiff no longer in prison and is with Northern Utah Community Correctional Center. Called Northern Utah Community Correctional Center who confirmed mail can be sent to them for plaintiff. Had plaintiff's address updated." (Docket Text Entry (Feb. 14, 2022), Doc. No. 84.) The updated address on the docket is the same as the address of the community correctional center provided by the defendants, where the defendants' dispositive motion and the order to show cause had previously been mailed. (*See* Docket; Certificate of Service of Defs.' Mot. for Summ. J., Doc. No. 80 at 26; Order to Show Cause, Doc. No. 83.)

5

Entry (Feb. 7, 2022), Doc. No. 83.) Mr. Rucker failed to respond to the order to show cause by that deadline, or at any time thereafter.

## ANALYSIS

The defendants argue they are entitled to summary judgment based on qualified immunity, and they also request dismissal of Mr. Rucker's claims for failure to prosecute and as a discovery sanction. (Mot. 2, Doc. No. 80.) Although Mr. Rucker did not respond to the motion, the defendants filed excerpts of his first deposition, in which he testified regarding the events surrounding his arrest. (Ex. B. to Mot., Doc. No. 80-2.) Mr. Rucker's testimony is generally supportive of his claims that the defendants unlawfully stopped and arrested him and used excessive force. However, the court need not determine whether Mr. Rucker's testimony is sufficient to overcome the defendants' assertion of qualified immunity. As set forth below, dismissal is warranted under Rule 41(b) of the Federal Rules of Civil Procedure, based on Mr. Rucker's failure to prosecute this case and his failure to comply with the court's orders.

Rule 41(b) permits a defendant to move for dismissal "[i]f the plaintiff fails to prosecute or comply with [the Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b). The court considers the following criteria when determining whether to dismiss an action under Rule 41(b): "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994) (alteration in original) (quoting *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992)). Dismissal under Rule 41(b) is "a harsh sanction" which should be used "only in extreme cases." *Meeker v. Rizley*, 324 F.2d 269, 272 (10th Cir. 1963); *see also Raiser v. Brigham Young Univ.*,

6

No. 2:02-cv-975, 2007 U.S. Dist. LEXIS 29873, at *11 (D. Utah Apr. 23, 2007) (unpublished) ("[D]ismissing a case with prejudice for failure to prosecute is an extreme remedy."). Even though Mr. Rucker is a pro se litigant who is held to a less stringent standard than a licensed attorney, he must still "follow the same rules of procedure that govern other litigants." *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (internal quotation marks omitted).

As the record shows, Mr. Rucker has failed to comply with court orders and, more generally, to prosecute his case. First, Mr. Rucker failed to timely respond to the defendants' discovery requests, even after the court ordered him to do so and warned him noncompliance could result in dismissal. Rather than dismiss the case, the court permitted the defendants to depose Mr. Rucker a second time to obtain responses to their discovery requests. But Mr. Rucker then failed to appear for this second deposition. Further, Mr. Rucker has failed to update his address with the court since his release from prison in summer 2021, despite being ordered to do so at a hearing and in a written order. Since that time, Mr. Rucker has not responded to any communications from the court or the defendants. And he failed to respond to the defendants' most recent dispositive motion and the court's order to show cause.

It is also worth noting that this case has been pending for nearly seven years. Although significant delays were attributable to the time required for court-ordered service and the defendants' requests for discovery extensions, many of these extensions also resulted from Mr. Rucker's failure to respond or communicate regarding discovery. Mr. Rucker himself has taken almost no action to move his case forward since filing it in in 2015, and his failure to update his address has left the court and the defendants unable to communicate with him. Under these

circumstances, the court finds Mr. Rucker has both violated court orders and failed to prosecute his case.

Applying the factors set forth above, dismissal for failure to prosecute and failure to follow the court's orders is warranted. First, the degree of actual prejudice to the defendants is significant. Mr. Rucker's failure to cooperate in discovery and to comply with court orders has caused substantial delay, and the defendants still have not received complete responses to their discovery requests. Second, the amount of interference with the judicial process is considerable, where the court and the defendants have been unable to communicate with Mr. Rucker for many months. Third, although Mr. Rucker must be afforded some leniency because he is pro se, he is nevertheless responsible for his failure to comply with the court's orders. Fourth, the court has repeatedly warned Mr. Rucker that his case could be dismissed for failure to comply with the court's orders, including during hearings and in written orders. Most recently, Mr. Rucker was warned that failure to respond to the order to show cause would result in dismissal. Finally, lesser sanctions are unlikely to be effective, where the prior imposition of lesser sanctions did not result in compliance, Mr. Rucker has not responded to communications regarding this case for many months, and Mr. Rucker has failed to update his address. For all these reasons, dismissal is warranted based on Mr. Rucker's failure to prosecute and failure to comply with the court's orders.

## CONCLUSION

The undersigned RECOMMENDS the district judge GRANT the defendants' dispositive motion (Doc. No. 80) in part—to the extent it seeks dismissal for failure to prosecute and failure to comply with the court's orders—and DISMISS this action.

The court will send copies of this Report and Recommendation to all parties, who are notified of their right to object to it.  Any objection to this Report and Recommendation must be filed within fourteen (14) days of service.  *See* 28 U.S.C. § 636(b)(1); Fed R. Civ. P. 72(b).  Failure to object may constitute waiver of objections upon subsequent review.

DATED this 3rd day of March, 2022.

BY THE COURT:

Daphne A. Oberg
United States Magistrate Judge